IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:23-cr-00130(4) |
| v. | : | Chief Judge Algenon L. Marbley |
| KENAN M. LAY, | : | |
| Defendant. | : | |

## OPINION & ORDER

These matters come before the Court on Steven Brown's Motion to Withdraw as Trial Attorney for Defendant Kenan M. Lay (ECF No. 82), Mr. Lay's *Pro Se* Motion to Withdraw Attorney (ECF No. 83), Mr. Lay's *Pro Se* Motion to Appoint New Attorney (ECF No. 84), and Mr. Lay's *Pro Se* Motion for a Bail Hearing (ECF No. 85). For the reasons set forth below, Steven Brown's Motion to Withdraw (ECF No. 82), *Pro Se* Motion to Withdraw Attorney (ECF No. 83), and *Pro Se* Motion to Appoint New Attorney (ECF No. 84) are **GRANTED**. *Pro Se* Motion for a Bail Hearing (ECF No. 85) is **DENIED**. Once Mr. Lay is appointed a new attorney, a motion to review the Magistrate Judge's detention order may be filed.

### I. BACKGROUND

On October 11, 2023, Mr. Lay was indicted for robbery of mail, money, or other property of the United States, in violation of 18 U.S.C. §§ 2114(a) and 2(a), as well as use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2(a). (ECF No. 46). On October 12, 2023, Mr. Lay was arrested and appointed Steven Brown as his attorney. (ECF Nos. 52, 54). On October 17, 2023, Magistrate Judge Jolson held a detention hearing and ordered Mr. Lay to remain detained pending trial. (ECF Nos. 70, 71).

On October 25, 2023, Mr. Brown filed a motion to withdraw as attorney pursuant to the Local Rules and Rule 1.16(a)(3) of the Ohio Rules of Professional Conduct. (ECF No. 82). Mr. Brown states he has been in communication with "Mr. Wright" (the Court interprets this as a typo meaning to say "Mr. Lay") by phone and in-person meetings. (*Id.*). Mr. Brown claims during his in-person meeting with Mr. Lay on October 25, 2023, Mr. Lay demanded that Attorney Brown withdraw. (*Id.*). Attorney Brown's motion contains no other details, explanations, or evidence.

On October 30, 2023, Mr. Lay filed *pro se* motions to withdraw Mr. Brown as his attorney, appoint a new attorney, and have a bail hearing. (ECF Nos. 83, 84, 85). Mr. Lay alleges Mr. Brown has not made any effort to assist him in his case, that he has been unable to communicate with Mr. Brown, that Mr. Brown has lied to him, misled him, and disrespected him, and that he and Mr. Brown had a heated argument. (ECF Nos. 83, 84). Mr. Lay requests an attorney that will be truthful and will review his case and assist him in receiving the best outcome. (ECF No. 84). Mr. Lay also requests that he be given another bail hearing (which the Court interprets as a detention hearing) so he could present arguments why he should be released pending trial. (ECF NO. 85).

## II.  LAW AND ANALYSIS

### A. Attorney Withdrawal

As explained by the Supreme Court, the "essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). "Attorney withdrawal issues are committed to the court's discretion, but courts must look to both local and ethical rules regarding withdrawal." *Sec'y of Lab. v. Monroe Trades Corp.*, No. 1:17-CV-272, 2019 WL 11767598, at *1 (S.D. Ohio Apr. 22, 2019) (citing *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009)).

Under Local Rule 83.4(b), an attorney of record may not withdraw without first providing written notice to the client and all other parties and obtaining leave of court. S.D. Ohio Local Rule 83.4(b) (July 25, 2022). Rule 1.16 of the Ohio Rules of Professional Conduct provides an enumerated list of circumstances in which an attorney must or may withdraw from representing a client. Under the relevant provision, Rule 1.16(a)(3), a lawyer "shall withdraw from the representation of a client if . . . the lawyer is discharged." Ohio R. Prof. Conduct 1.16(a)(3).

Mr. Brown's motion did not contain any evidence that he provided Mr. Lay with written notice of his intent to withdraw, as required by Local Rule 83.4(b). *See* S.D. Ohio Local Rule 83.4(b) (July 25, 2022). Mr. Brown also did not provide evidence that he gave Mr. Lay a full explanation of the consequences of discharging him, as required by Comment 5 to Rule 1.16. Ohio R. Prof. Conduct 1.16 cmt. 5. Nevertheless, Mr. Lay's *pro se* motions unambiguously indicate his wish to discharge Mr. Brown. While it is unclear whether Mr. Lay and Mr. Brown's "heated argument" was merely an isolated (even if poorly communicated) expression of temporary frustration, this Court nonetheless **GRANTS** Mr. Brown's Motion to Withdraw (ECF No. 82), Mr. Lay's *Pro Se* Motion to Withdraw Attorney (ECF No. 83), and Mr. Lay's *Pro Se* Motion to Appoint New Attorney (ECF No. 84).

### B. Review of Detention Order

If a person is ordered detained pending trial by a Magistrate Judge, "the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). Under 18 U.S.C. § 3142, a defendant shall be released pending trial as long as conditions can be set that will reasonably assure the defendant's appearance and community safety. 18 U.S.C. § 3142(c). In other words, to order the defendant detained, the Court must find that there are no set of conditions that can be fashioned to control the risk of flight or

danger to justify a court order. *Id.* § 3142(b), (e); *United States v. Hodge*, No. 2:17-CR-0035, 2017 WL 1546483, at *2 (S.D. Ohio May 1, 2017).

The relevant factors in determining whether there are conditions of release that will reasonably assure the defendant's appearance without jeopardizing the safety of the community are as follows: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)–(4).

Mr. Lay's motion merely states that he wants a fair chance to be released on bond and that he would present all "3142 bail factors" at the hearing. This Court **DENIES** Mr. Lay's motion for a bail hearing as is, but once Mr. Lay is appointed a new attorney, this Court will consider a thorough motion to review Magistrate Judge Jolson's detention order.

### III. CONCLUSION

For the reasons set forth below, Steven Brown's Motion to Withdraw as Trial Attorney for Defendant Kenan M. Lay (ECF No. 82), Mr. Lay's *Pro Se* Motion to Withdraw Attorney (ECF No. 83), and Mr. Lay's *Pro Se* Motion to Appoint New Attorney (ECF No. 84) are **GRANTED**. Mr. Lay's *Pro Se* Motion for a Bail Hearing (ECF No. 85) is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:** November 2, 2023