IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | Case No.  2:23-cr-00130(4) |
| v. | : | Chief Judge Algenon L. Marbley |
| **KENAN M. LAY,** | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant Kenan M. Lay's Motion to Revoke Detention Order. (ECF No. 99). On December 8, 2023, this Court held oral argument on the motion. At the conclusion of the hearing, this Court orally denied Mr. Lay's motion and ordered that he remain in custody pending sentencing. (ECF No. 114). This Opinion and Order follows this Court's ruling from the bench. For the reasons set forth below, Mr. Lay's motion (ECF No. 99) is **DENIED**.

I.  BACKGROUND

A.  Factual Background

On October 11, 2023, the Grand Jury returned a nine-count Second Superseding Indictment against Mr. Lay and three other co-Defendants for four armed postal robberies committed in and around Columbus between December 29, 2022 and May 11, 2023. (ECF No. 46). Mr. Lay was indicted in Counts 7 and 8, along with co-Defendants Cameron Newton and Thierno Bah, for robbery of mail, money, or other property of the United States, in violation of 18 U.S.C. §§ 2114(a) and 2(a), and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2(a). (*Id*.). The indictments relate to the aggravated robbery of a postal

1

employee on May 11, 2023. (*Id*.). According to a United States Postal Inspection Services Report ("USPIS"), during that robbery, the suspect approached the postal worker while she was on her smoke break at the Hilltop Post Office, demanded her keys, and when she asked what keys he was referring to, the suspect brandished a handgun and pistol-whipped her in the head. (ECF No. 101-1). The suspect then demanded her keys again and followed her back into the post office. (*Id*.). Once inside, the victim threw the keys at the suspect and the suspect grabbed the keys and ran out the door. (*Id*.). The Government does not allege that Mr. Lay was the principal offender for the robbery. (ECF No. 101 at PageID 288). Rather, Mr. Lay aided and abetted that robbery by knowingly and intentionally loaning his firearm to co-Defendants for $100 so that they could commit the robbery. (*Id*.).

## B. Procedural History

On October 12, 2023, Mr. Lay was arrested. (ECF No. 76). A Pretrial Services Report disclosed minimal criminal history for Mr. Lay. Specifically, Mr. Lay only has a misdemeanor conviction from 2020 for obstructing official business, in which he paid a fine. (ECF No. 69 at PageID 155). Mr. Lay, however, was arrested in August 2023 for state charges of improperly handling firearms in a motor vehicle and trafficking/aggravated trafficking in drugs, but those charges were dismissed. (*Id*.). Pretrial Services concluded Mr. Lay poses a risk of danger to the community based on the nature of the instant alleged offense; a history of marijuana use; possible mental health issues; and his criminal history. Pretrial Services also concluded Mr. Lay poses a risk of nonappearance based on a history of marijuana use, possible mental health issues, conflicting information regarding his employment, and limited time at his residence. (*Id*.). Nonetheless, Pretrial Services recommended that Mr. Lay be released on an own recognizance bond under the following conditions:

> (1) submit and report for supervision to the Pretrial Services Office; (2) continue or actively seek employment; (3) reside at an address approved by Pretrial Services; (4) not possess a firearm, destructive device or other dangerous weapons—all firearms in the home in which Mr. Lay resides to be removed and verification by Mr. Lay provided to the Pretrial Services Officer; (5) not use or unlawfully possess a narcotic drug or other controlled substance; (6) submit to testing for a prohibited substance; (7) participate in drug treatment if directed to do so; and (8) participate in mental health treatment if directed to do so.

(*Id.*).

On October 17, 2023, Magistrate Judge Jolson held a detention hearing under 18 U.S.C. § 3142(f)(1)(A)-(B). (ECF No. 70). Attorney Steven Brown was appointed to represent Mr. Lay. (ECF No. 54). At the detention hearing, the Government invoked the congressional presumption in favor of detention codified at 18 U.S.C. § 3142(e)(3)(B) and presented five exhibits: (1) USPIS Robbery Report from the May 11, 2023 armed robbery at the Hilltop Post Office (ECF No. 70-1); (2) text messages between Mr. Lay and co-Defendant Cameron Newton from the time of the Hilltop Post Office robbery (ECF No. 70-2); a Franklin County Municipal Court search warrant and affidavit stating on August 26, 2023, officers stopped a vehicle in which Mr. Lay was a passenger and found Mr. Lay's bookbag containing nineteen bags of marijuana, two scales with marijuana residue, Mr. Lay's loaded handgun which was used in the armed robbery at the Hilltop Post Office, two boxes of plastic baggies, and Mr. Lay's wallet (ECF No. 70-3); (4) a USPIS Robbery Report from a January 17, 2023 armed robbery of a mail carrier (ECF No. 70-4); and text messages between Mr. Lay and co-Defendant Cameron Newton from the time of the robbery of the mail carrier (ECF No. 70-5).

Magistrate Judge Jolson found the following: there was a rebuttal presumption under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure the appearance of Mr. Lay as required and the safety of the community because there is probable cause

3

to believe Mr. Lay committed an offender under 18 U.S.C. § 924(c); Mr. Lay did not introduce sufficient evidence to rebut the presumption; the weight of the evidence against Mr. Lay is strong; and Mr. Lay has a history of violence or use of weapons. (ECF No. 71). Ultimately, Magistrate Judge Jolson ordered that Mr. Lay be detained pending trial even in the absence of the presumption in favor of detention because the Government proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (*Id*.). Magistrate Judge Jolson explained: "For about a year, Defendant planned and participated in armed robberies of postal workers. In the scheme, he was partly responsible for securing firearms. During one such robbery, a postal worker was pistol whipped with the gun he provided. Despite the violence, he continued to participate in the armed robberies." (*Id*.).

On October 25, 2023, Attorney Brown filed a motion to withdraw as attorney (ECF No. 82) and on October 30, 2023, Mr. Lay filed *pro se* motions to withdraw Attorney Brown, appoint a new attorney, and have a proper "bail hearing" (ECF Nos. 83, 84, 85). On November 2, 2023, this Court granted Attorney Brown's motion to withdraw and Mr. Lay's *pro se* motions to withdraw Attorney Brown and appoint a new attorney. (ECF No. 87). This Court denied Mr. Lay's *pro se* motion for a bail hearing and said it would consider a proper motion to revoke his detention order once Mr. Lay was appointed a new attorney. (*Id*).

On November 3, 2023, Attorney Keith Yeazel was appointed as Mr. Lay's new attorney. (ECF No. 88). On November 20, 2023, Mr. Lay filed the motion *sub judice*. (ECF No. 99). On November 21, 2023, the Government responded in opposition to the motion. (ECF No. 101). On December 1, 2023, a plea agreement was filed in this case in which Mr. Lay agreed to plead guilty to aiding and abetting robbery of mail, money, or other property of the United States, in violation

of 18 U.S.C. §§ 2114(a) and 2(a), and aiding and abetting the use or carrying of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2(a). (ECF No. 105). On December 4, 2023, the Government filed a motion for leave to file a supplemental response in opposition to Mr. Lay's motion to revoke the detention order (ECF No. 112), which this Court granted (ECF No. 113). On December 8, 2023, Mr. Lay changed his previously entered pleas of not guilty to Counts 7 and 8 of the Second Superseding Indictment to pleas of guilty.[1] (ECF No. 114). This Court then held a hearing on Mr. Lay's motion to revoke detention order. (*Id*.).

### C. Defendant's Arguments

Mr. Lay argues that he is not a flight risk because he is a resident of Columbus, was raised in Columbus, does not have a passport, has never traveled outside of the United States, plans to live with his mother and siblings if released, has a close relationship with his uncle, has support from his church community, has a very minimal criminal record with no record of violent crimes, has had no warrants for failing to appear, and has never been placed on any type of supervision. (ECF No. 99 at PageID 268-269).

Additionally, Mr. Lay argues he is not a danger to others or the community based on the following facts: Mr. Lay's involvement in the alleged offense was minimal, as he was not present at the time of the robbery; Mr. Lay has a very minimal criminal history with only one misdemeanor conviction in which he received a fine; Mr. Lay's state charges for improper handling a firearm and trafficking in drugs were dismissed; Mr. Lay has no prior criminal history involving violence or weapons; and Mr. Lay has a favorable Pretrial Services Report recommending his release. (*Id*. at PageID 269-270).

---

[1] Mr. Lay faces a mandatory prison term of at least five years for Count 8, which charges him with the use and carrying of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(A)(1)(i).

At the hearing on the motion *sub judice*, Mr. Lay's mother and uncle testified, as well as Mr. Lay himself. His mother explained that Mr. Lay has had a difficult time with his parents divorcing and had never been in trouble when he was living with her and his siblings. His mother also explained that Mr. Lay's brother is disabled and Mr. Lay helps his brother around the house. Both his mother and uncle confirmed that these crimes are completely out of character for Mr. Lay, that they do not believe he is a danger to others or the community, that he can live with his mother if released and they will ensure a home free from firearms and controlled substances, and that they will ensure he complies with any conditions of release. Mr. Lay stated that, if released, he plans to get a job at Amazon or Giant Eagle and provide for his family. Mr. Lay expressed his desire to be home with his family and community for the holidays. Mr. Lay also discussed his faith and his regret for what happened.

### D. Government's Arguments

The Government concedes that Mr. Lay is not a flight risk. The Government, however, argues that, given Mr. Lay's guilty pleas, Mr. Lay is required to be detained under 18 U.S.C. § 3143(a)(2). Ultimately, the Government argues that Mr. Lay has failed to meet his burden of showing by clear and convincing evidence that he does not pose a danger to the community. With respect to Mr. Lay's dangerousness and why he should be detained pending sentencing, the Government relies on the following facts: Mr. Lay's co-Defendants committed additional robberies while they were released on bond despite their strong community and familial ties;[2] Mr. Lay was willing to loan his firearm to dangerous co-Defendants for only $100 so they could commit the aggravated robbery; the weight of the evidence for this offense is strong since the USPIS and FBI have co-Defendant's GPS ankle monitor location data, text messages between Mr.

---

[2] This Court is not concerned with what Mr. Lay's co-Defendants did while on pretrial release and did not take any bad actions of his co-Defendants into consideration for purposes of this motion.

Lay and co-Defendants, and CashApp records from that day; Mr. Lay was connected to and present for an attempted postal robbery on October 21, 2022 and two successful armed postal robberies on January 17, 2023 and April 24, 2023;[3] and Mr. Lay is very young and incapable of making good decisions.

Additionally, the Government argues that Mr. Lay has not presented exceptional circumstances that justify him being released for a few months prior to being sentenced to a mandatory minimum term of five years. In fact, the Government argues that Mr. Lay's circumstances are ordinary—he simply wants to go home.

## II. STANDARD OF REVIEW

If a person is ordered detained pending trial by a magistrate judge, "the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). District judges review a magistrate judge's detention order de novo. *United States v. Stone*, 608 F.3d 939, 944 (6th Cir. 2010).

## III. LAW & ANALYSIS

### A. Statutory Framework

#### 1. General Framework

The Bail Reform Act, 18 U.S.C. § 4142, upheld by the Supreme Court in *United States v. Salerno*, 481 U.S. 739 (1987), governs release or detention of a defendant pending trial. A defendant may be detained pending trial only if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The default position, therefore, is that a

---

[3] For purposes of this motion, this Court did not consider Mr. Lay's connection to other robberies that he did not plead guilty to.

7

defendant should be released pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

The relevant factors in determining whether there are conditions of release that will reasonably assure the defendant's appearance without jeopardizing the safety of the community are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

### 2. Rebuttal Presumption Pre-Trial

There is, however, a rebuttal presumption that no set of conditions of release will assure the defendant's appearance or the safety of the community if there is probable cause to believe the defendant committed, among other crimes, a violation of 18 U.S.C. § 924(c). 18 U.S.C. § 3142(e)(3). A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). If the rebuttal presumption is triggered, then the defendant must come forward with "at least some evidence" that he does not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945 (citations omitted). If the defendant presents evidence to rebut the presumption, then the burden shifts to the Government to show a risk of flight by a preponderance of the evidence or danger to the community by clear and convincing evidence. *United States v. Hinton*, 113 Fed. Appx. 76, 77 (6th Cir. 2004).

### 3. Pending Sentencing Generally

When a defendant has been found guilty and is awaiting sentencing, he or she must be detained unless the judicial officer finds by clear and convincing evidence that he is not likely to

8

flee or pose a danger to any other person or the community. *United States v. Veloz-Alonso*, 910 F.3d 266, 267 (6th Cir. 2018) (citing 18 U.S.C. § 3143(a)(1)). Under 18 U.S.C. § 3143(a)(1), the Government is not required to make an initial showing of dangerousness; rather, the statute presumes dangerousness, and the criminal defendant must overcome this presumption. *United States v. Williams*, No. 20-1413, 2020 WL 4000854, at *1 (6th Cir. Jul. 15, 2020) (citing *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988)).

### 4. Pending Sentencing for a Crime of Violence

If, however, a defendant has been found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(A)-(C),[4] then the defendant must be detained pending sentencing unless the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted[5] *and* the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2) (emphasis added).[6] Though, a person subject to detention pursuant to 18 U.S.C. § 3143(a)(2) who meets the conditions of release set forth in 18 U.S.C. § 3143(a)(1) or (b)(1)[7] may be ordered released if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate. 18 U.S.C. § 3145(c).

---

[4] Generally speaking, these subparagraphs describe offenses for which the maximum sentence is life in prison or death, and crimes of violence or drug offenses for which a maximum term of imprisonment of ten years or more.
[5] As a threshold matter, this Court does not believe there is a substantial likelihood that a motion for acquittal or new trial will be granted given that Mr. Lay pled guilty to the offenses.
[6] Title 18, United States Code, Section 3143(a)(2)(a)(ii) does not apply in this case. That section allows a judicial officer to release a defendant pending sentencing if the attorney for the Government has recommended that no sentence of imprisonment be imposed on the person and the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. *See generally* 18 U.S.C. § 3143(a)(2)(a)(ii). The Government has not recommended that no sentence of imprisonment be imposed since Mr. Lay faces a mandatory minimum of five years imprisonment.
[7] Title 18, United States Code, Section 3143(b)(1) does not apply to this case since that provision covers release pending appeal by the defendant. *See generally* 18 U.S.C. § 3143(b)(1).

## B. Rebuttal Presumption and
## Mandatory Detention Pending Sentencing Apply in this Case

Since Mr. Lay was indicted with a violation of 18 U.S.C. § 924(c), the rebuttable presumption in favor of detention was properly triggered. *See generally* 18 U.S.C. § 3142(e)(3). This Court, however, finds that Mr. Lay has since presented some evidence that he does not pose a danger to the community given his minimal criminal history and strong community and familial ties. While the burden would normally shift to the Government at this point, since Mr. Lay has pled guilty to a crime of violence, mandatory detention pending sentencing is triggered under 18 U.S.C. § 3143(a)(2). Accordingly, Mr. Lay's only avenue of release is under 18 U.S.C. § 3145(c), which requires this Court to find: (1) Mr. Lay meets the conditions of release set forth in 18 U.S.C. § 3143(a)(1); and (2) there are exceptional reasons why Mr. Lay's detention would not be appropriate. *See generally* 18 U.S.C. § 3145(c).

### 1. *§ 3143(a)(1)*

Under 18 U.S.C. § 3143(a)(1), a defendant who has been found guilty of an offense but who is awaiting imposition of the sentence may be released pending sentencing if the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. This Court finds that there is clear and convincing evidence that Mr. Lay is not likely to flee given he has strong community and familial ties, does not have a passport, has never left the United States, and has never missed a court appearance. (*See* ECF No. 69). The Government also conceded that Mr. Lay is not a flight risk. Therefore, this Court turns its attention to the dangerousness analysis. In order to determine whether there is clear and convincing evidence that Mr. Lay is not likely to pose a danger to the safety of others or the community, this Court considers the 18 U.S.C. § 3142(g) factors.

### a. Nature and Circumstances of the Offenses Charged

Under 18 U.S.C. § 3142(g), the Court first considers "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a firearm." 18 U.S.C. § 3142(g)(1). Here, there is no question that the charges involve a crime of violence and firearm. While Mr. Lay is not accused of being the perpetrator who committed the aggravated robbery, but rather aiding and abetting that robbery by loaning co-Defendants his firearm, this Court nevertheless finds the offenses charged weigh in favor of detention.

### b. Weight of the Evidence

This Court next considers the "weight of the evidence against" Mr. Lay. 18 U.S.C. § 3142(g)(2). Here, the USPIS and FBI have text messages between Mr. Lay and co-Defendants, which combined with co-Defendant Newton's GPS ankle monitor location data and his CashApp records provides "a nearly play-by-play action of the May 11th robbery." (*See* ECF No. 101 at PageID 289). Specifically, the evidence shows Mr. Lay loaned co-Defendant Newton his firearm the morning of the robbery in exchange for $100 and Newton returned the firearm to Mr. Lay after the robbery.[8] Law enforcement then recovered the firearm that Mr. Lay provided for the aggravated robbery during a subsequent traffic stop. (*See* ECF No. 70-3). Accordingly, this Court finds the weight of the evidence against Mr. Lay weighs in favor of detention.

### c. Mr. Lay's History and Characteristics

This Court next considers "the history and characteristics" of Mr. Lay, which include the following:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

---

[8] Specifically, Newton texts Mr. Lay: "Tryn let me use yo blicc tmr. I'll throw $100 juss need for hr," to which Mr. Lay responds: "Bet. Only for hr?" (ECF No. 70-2 at PageID 163-164). Newton then says "Ye got these niggas tryn do dat at 6am." (*Id*. at PageID 164).

11

> criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

18 U.S.C. § 3142(g)(3).

Mr. Lay is twenty-one years old and is in good health with no medical or mental health conditions. (ECF No. 69). He does have a history of marijuana use, though, having smoked marijuana daily since he was seventeen-years-old. (*Id.*). He has never attended any substance abuse treatment. (*Id.*).

Mr. Lay was raised in Columbus, does not have a passport, and has never traveled outside the United States. (*Id.*). At the hearing on the motion *sub judice*, Defense counsel and Mr. Lay's mother discussed that he left home at a young age and only got in trouble when he was living outside his mother's home. If he is released, he plans to live with his mother and siblings. (*Id.*). His mother and uncle testified at the hearing that they will provide a home free from firearms and controlled substances and will ensure Mr. Lay appears for court and complies with any conditions of release. His mother is currently unemployed and relies on Mr. Lay's support for the family, especially for his disabled brother. (*See* ECF No. 99 at PageID 268, 273, 274). This Court points out, though, that Mr. Lay was not thinking about his disabled brother or mother when he committed these offenses.

Nevertheless, Mr. Lay has a high school diploma and some college education. (ECF No. 69). His employment history is sparce, though, having been at an Amazon warehouse for only one month and a Dollar General for approximately two months prior to his arrest. (*Id.*).[9] Mr. Lay testified at the hearing on the motion that he plans to work at Giant Eagle or Amazon if released.

---

[9] Mr. Lay's mother also stated that Mr. Lay has been unemployed for over a year. (ECF No. 69).

12

This Court must also consider Defendant's criminal history under this analysis. As previously discussed, Mr. Lay has a very minimal criminal history with only one misdemeanor conviction that resulted in a fine. (ECF No. 69).[10] Mr. Lay has never been on probation or any type of supervision. (*Id*.).

Ultimately, when weighing both the positive and negative components of Mr. Lay's history and characteristics, this Court finds this factor weighs against detention.

### d. Danger to the Community

This Court next considers "the nature and seriousness of the danger to any person or the community" that would be posed by Mr. Lay's release. 18 U.S.C. § 3142(g)(4). This Court recognizes that Mr. Lay has a minimal criminal history and that Pretrial Services recommended that Mr. Lay be released on conditions pending trial before he pleaded guilty to the offenses. Additionally, this Court recognizes that Mr. Lay is not accused of personally committing the aggravated robbery, but rather aiding and abetting it by loaning co-Defendants his firearm. Nonetheless, Mr. Lay pled guilty to a crime of violence and use of a firearm during a crime of violence. At the hearing on the motion *sub judice*, this Court heard that Mr. Lay's co-Defendant pistol whipped an elderly, female postal worker during the commission of the robbery. Ultimately, this Court finds this factor weighs in favor of detention.

### 2. Exceptional Reasons

Having found some factors that weigh in favor of detention and others that weigh against detention, this Court turns to whether it has been "clearly shown" that there are "exceptional reasons" to justify Mr. Lay's release pending sentencing, as required by 18 U.S.C. § 3145(c). The

---

[10] This Court does not consider the state firearm and drug trafficking charges against Mr. Lay since those charges were dismissed. While those charges were dismissed to be continued in Common Pleas Court, this Court has no evidence before it from Common Pleas Court.

13

statute itself does not define the parameters of "exceptional reasons," nor has the Sixth Circuit definitively ruled on what constitutes the sort of "exceptional reasons" that would justify release pending sentencing. *See United States v. Haynes*, No. 22-20003, 2023 WL 5963775, at *2 (E.D. Mich. Sept. 13, 2023). It is clear from the context of the statute, however, that relief under § 3145(c) is a limited exception to the general requirement of mandatory detention for persons convicted of offenses referenced in § 3143(a)(2). *See United States v. Christman*, 712 F. Supp. 2d 651, 653 (E.D. Ky. 2010). Indeed, other courts have found that exceptional reasons are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Carson*, No. 1:21-cr-866-4, 2023 WL 5671946, at *3 (N.D. Ohio Sep. 1, 2023) (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2nd Cir. 1991)).

Here, Mr. Lay has not presented any exceptional reasons to justify his release pending sentencing. While this Court is sympathetic to Mr. Lay wanting to go home and be with and provide for his family, including his disabled brother, there is an absence of any precedent for concluding such a desire amounts to exceptional circumstances under § 3145(c). *See, e.g., United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002) (finding that cooperation with the government, economic hardship, and hardship to family did not combine to make exceptional circumstances); *United States v. Roberson*, No. 21-20339, 2022 WL 135914, at *3 (E.D. Mich. Jan. 14, 2022) (finding that defendant's desire to spend time with his family after having lose a child during child birth was not an exceptional circumstance); *United States v. McDowell*, No. 1:21-cr-489, 2022 WL 94115, at *2 (N.D. Ohio Jan. 10, 2022) (finding defendant's desire to spend time with his daughter and put affairs in order before he is sent to prison was not an exceptional circumstance); *United States v. Reynolds*, No. 12-20843, 2013 WL 4744750, at *13 (E.D. Mich. Sept. 4, 2013) (concluding that even though the defendant's mother suffered from lupus requiring defendant's

14

care, the defendant's adult daughter suffered from mental illness requiring that defendant make arrangements for her care, and that the defendant was the sole owner of a small business, these factors were insufficient to establish exceptional circumstances warranting release pending sentencing), *aff'd*, 626 F. App'x 610 (6th Cir. 2015). Accordingly, this Court finds that there are no exceptional reasons why Mr. Lay should be released pending sentencing.

### IV. CONCLUSION

Since Mr. Lay pled guilty to a crime of violence, mandatory detention pending sentencing was triggered under 18 U.S.C. § 3143(a)(2). This Court finds Mr. Lay does not meet the conditions of release set forth in 18 U.S.C. § 3143(a)(1) and there are no exceptional reasons why Mr. Lay should be released pending sentencing, as required by 18 U.S.C. § 3145(c). Accordingly, this Court must **DENY** Mr. Lay's Motion to Revoke Detention Order (ECF No. 99).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 3, 2024**